# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| CARL A, WESCOTT,<br>*Plaintiff*<br><br>v.<br><br>**William "RANDY" RUSS, et al.**<br>*Defendant* | §<br>§<br>§    No. A-22-CV-785-LY<br>§<br>§<br>§<br>§ |

### ORDER ON *IN FORMA PAUPERIS* STATUS

Before the court is Plaintiff Carl A. Wescott's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support and Complaint. *See* Dkt. 2. The Magistrate Court has reviewed Wescott's financial affidavit and determined that he is indigent and should be granted leave to proceed in forma pauperis, without prepayment of fees.

Accordingly, the Magistrate Court hereby **ORDERS** Wescott's request to proceed *in forma pauperis*, Dkt. 2, is **GRANTED**. The Clerk of the Court shall file Wescott's complaint without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Wescott is further advised, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Magistrate Court **FURTHER ORDERS** the Clerk of the Court shall issue summons and the United States Marshal is ordered to commence service of process, including service of Wescott's complaint upon the named defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure.

Because Wescott has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2). After reviewing Wescott's Complaint, the Court has determined that this case should not be dismissed as frivolous at this time. However, the Court cautions Wescott that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Wescott is further advised that, although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against him at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

This case is **ORDERED** removed from the docket of the undersigned.

SIGNED August 8, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE