IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL A. WESTCOTT, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case 1:22-CV-00785 - LY |
| | § | |
| WILLIAM "RANDY" RUSS, LAS OLAS, | § | JURY TRIAL DEMANDED |
| DAVID MAKSYMUIK | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**Defendants' Motion to Dismiss Plaintiff's Verified Legal Complaint for Breach of Contract, Promissory Fraud, and Negligent Misrepresentation and Brief in Support**

*/s/ Lucas Wohlford*
Lucas Wohlford
State Bar No. 24070871
lwohlford@btlaw.com
**Duane Morris LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201-2469
Telephone: (214) 257-7214
Facsimile: (214) 853-5271

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT........................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 2

ARGUMENTS AND AUTHORITIES ............................................................................... 4

I.  Standard of Review ............................................................................................... 4

II.  Plaintiff's Claim for Breach of Contract Fails as a Matter of Law....................... 5

    A.  Plaintiff Has Not Pled and Cannot Plead Essential Elements of a Valid Contract .......... 5

    B.  Plaintiff Has Not Adequately or Plausibly Alleged a Material Breach by Defendants ..... 8

III.  Plaintiff's Substantively and Procedurally Flawed Fraud Claim Should be Dismissed.................. 9

    A.  Plaintiff Has Not Adequately Alleged Essential Elements of a Claim for Fraud or Alleged Fraud with Particularity .............................................. 9

        1.  The Complaint Does Not Offer Particularized Detail........................................ 10

        2.  The Complaint Fails to Plead a Plausible Fraud Claim...................................... 12

    B.  Plaintiff's Purported Reliance is Not Justifiable As a Matter of Law ............................... 13

IV.  Plaintiff's Claim for Negligent Misrepresentation Fails As a Matter of Law ................................ 14

V.  Each of Plaintiff's Claims is Barred by the Statute of Limitations and Should be Dismissed with Prejudice ......................................................................................... 17

VI.  In the Alternative, Defendant Moves for a More Definite Statement............................................ 19

CONCLUSION ................................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allied Vista, Inc. v. Holt*, 987 S.W.2d 138 (Tex.App.—Houston [14th Dist.] 1999, pet. denied) .................................................................................................................................18

*Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420 (Tex. 1997) ...............................................17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................4, 10, 16

*Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632 (Tex. 2007).....................................................6

*Bayway Services, Inc. v. Ameri–Build Construction, L.C.*, 106 S.W.3d 156 (Tex. App.--Houston [1st Dist.] 2003, no pet.)..................................................................................9

*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039 [141 Cal.Rptr.3d 142] ...........................11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................................4-5

*Bendalin v. Delgado*, 406 S.W.2d 897 (Tex. 1966) ...............................................................7

*Bluebonnet Sav. Bank v. Grayridge Apt. Homes, Inc.*, 907 S.W.2d 904...............................15

*Brothers v. Print, Inc.*, No. 3:07– CV–0415–B, 2007 WL 3331974 (N.D.Tex. Nov. 8, 2007) ......................12

*Chico Auto Parts & Serv. v. Crockett*, 512 S.W.3d 560 (Tex.App. – El Paso 2017, pet. denied) ...................................................................................................................15

*City of Clinton, Art v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir.2010) ..........................11

*Co. v. Barrett*, 460 S.W.2d 409 (Tex. 1970) .........................................................................6

*Domingo v. Mitchell*, 257 S.W.3d 34 (Tex.App. – Amarillo 2008, pet. denied)...................6

*Dunn v. Price*, 28 S.W. 681 (Tex. 1894) ...............................................................................7

*E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849 (Tex.App.—San Antonio 2017, no pet.) .............................................................................................................................6

*E.P. Towne Ctr. Partners v. Chopsticks, Inc.*, 242 S.W.3d 117 (Tex.App. – El Paso 2007, no pet.) .............................................................................................................7

*Edmunds v. Houston Lighting & Power Co.*, 472 S.W.2d 797 (Tex.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.) ...............................................................................6-7

*Estate of Eberling v. Fair*, 546 S.W.2d 329 (Tex.App-Dallas 1976, writ ref'd n.r.e.) ........7

*Engleman Irrigation Dist. v. Shields Bros.*, 960 S.W.2d 343 (Tex.App. – Corpus Christi 1997, pet. denied) ...............................................................................................6-7

*Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194 (Tex. 2011) ...............................19

*Fischer v. CTMI, LLC*, 479 S.W.3d 231 (Tex. 2016) ...............................................................7

*Fort Worth ISD v. City of Fort Worth*, 22 S.W.3d 831 (Tex. 2000) .......................................7

*Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504 (11th Cir. 2019) ................................20

*Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570
    (N.D. Tex. 2002) .................................................................................................................9

*Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913 (Tex. 2010)...........15

*H.C. Oil & Gas Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, CIV.A. 3:96–CV–2923–
    D, 2005 WL 265166 (N.D.Tex. Feb.2, 2005) (Fitzwater, J.) .........................................13

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552 (5th Cir.2002).......................12

*Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2011 WL 3567419, at *9 (N.D. Tex. Aug.
    15, 2011) ..........................................................................................................................20

*Innova Hospital San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d
    587 (N.D. Tex. 2014) .......................................................................................................10

*JPMorgan Chase Bank v. Orca Assets, G.P., LLC*, 546 S.W.3d 648 (Tex. 2018) ...........14-17

*Keen v. Suntrust Mortgage, Inc.*, No. 1:10–CV–733, 2013 WL 1181451 (E.D.Tex.2013).................14

*Kiper v. BAC Home Loans Servicing, L.P.*, 884 F.Supp.2d 561 (S.D.Tex.2012), *aff'd*, 534 F.
    App'x 266 (5th Cir.2013) ................................................................................................14

*Litson–Gruenber v. JPMorgan Chase & Co.*, No. 7:09–CV–056–O, 2009 WL 4884426
    (N.D.Tex. Dec.16, 2009) .................................................................................................13

*Loeffler v. Lytle ISD*, 211 S.W.3d 331 (Tex.App.—San Antonio 2006, pet. denied).....................7

*Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752 (Tex.App – Ft. Worth 2012, pet.
    denied) .............................................................................................................................18

*Marquis Acquisitions, Inc. v. Steadfast Ins.*, 409 S.W.3d 808 (Tex.App. – Dallas 2013, no
    pet.) ....................................................................................................................................5

*McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416 (Tex. 2013) ...................................8

*Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113 (Tex.App. – Austin 1993, no
    writ) ..................................................................................................................................19

*Rogers v. City of Yoakrum*, 660 F. App'x 279 (5th Cir. 2016) (per curiam)........................20

*Roof Sys. v. Johns Manville Corp.*, 130 S.W.3d 430 (Tex.App.—Houston [14th Dist.] 2004,
    no pet.) .............................................................................................................................18

*Sadeghi v. Gang*, 270 S.W.3d 77 (Tex.App.—Dallas 2008, no pet.) ........................................6

*Sawyer v. E.I. Du Pont de Nemours & Co.*, 453. S.W.3d 419, 423-24 (Tex. 2014)............................14

*Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029 (5th Cir.2010) ........11

*Siragusa v. Arnold*, No. 3:12–cv–04497–M, 2013 WL 5462286, at *10 (N.D.Tex. Sept.16, 2013) ....................................................................................................................................14

*Spencer v. Deutsche Bank National Trust Co.*, No. H-14-0164, 2014 WL 7151505 (S.D. Tex. Sept. 17, 2014) ..............................................................................................................................14

*Stine v. Stewart*, 80 S.W.3d 586 (Tex. 2002) ....................................................................................19

*Stockwell v. Kanan*, 442 F. App'x 911 (5th Cir. 2011) (per curiam) ..................................................20

*T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992)..........................................7

*United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009) ..................................4-5, 12

*United States. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899 (5th Cir. 1997) ..........................................................................................................................................5

*Via Net v. TIG Ins.*, 211 S.W.3d 310 (Tex. 2006) ............................................................................19

*Wheeler v. White*, 398 S.W.2d 93 (Tex. 1965)..................................................................................7

*Williams v. WMX Techs.*, 112 F.3d 175 (5th Cir.1997)....................................................................11

*Wilson v. Birnberg*, 667 F.3d 591 (5th Cir. 2012) ......................................................................10, 17

*Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex. 1988)....................................................19

## Statutes

TEX. BUS. & COM. CODE §26.01(a)....................................................................................................8

TEX. BUS. & COM. CODE §26.01(b)(4)..........................................................................................8-9

## Other Authorities

FED. R. CIV. P. 8....................................................................................................................1-2, 14

FED. R. CIV. P. 9(b)..................................................................................................................*Passim*

FED. R. CIV. P. 10(c)......................................................................................................................20

FED. R. CIV. P. 12(b)(6)............................................................................................................*Passim*

FED. R. CIV. P. 12(e)......................................................................................................................21

**TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

Defendants William "Randy" Russ ("Russ"), Las Olas,[1] and David Maksymuik ("Maksymuik" and collectively with Russ and Las Olas, "Defendants") respectfully submit this Motion to Dismiss Plaintiff's Verified Complaint for Breach of Contract, Promissory Fraud, and Negligent Misrepresentation ("Complaint" or "Compl.") and respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

Relying on unsupported beliefs, conclusory allegations, impermissible labels, and inconsistent statements, Plaintiff fails to adequately plead a plausible claim under Rule 8 or the particularized detail required by Rule 9(b), which requires its dismissal under Rule 12(b)6) for several reasons.

<u>First</u>, despite Plaintiff having attached five exhibits to the Complaint (including an online article about real estate and a breakdown of Plaintiff's memory as to money he has borrowed from Defendant but never repaid), Plaintiff neither attached a copy of the purported contract he claims was entered into nor alleged any of its essential or material terms. Given that Plaintiff's first claim is for breach of contract, Plaintiff must plead the existence of a valid, enforceable agreement, which in a case involving a real estate sale, must be in a signed writing containing all material terms. The Complaint only mentions a purported agreement on price, but it is devoid of identifying essential terms showing any obligation owed by Defendants (such as the closing date). By failing to identify a specific obligation Plaintiff agreed to, but did not, perform, Plaintiff has failed to adequately plead a breach.

<u>Second</u>, Plaintiff asserts a claim for "promissory fraud," which can arise when a defendant makes a promise concerning future performance if that defendant has no intention of honoring that promise

---

[1] Plaintiff's allegations regarding "Las Olas" are unclear, as Las Olas is the name of a resort that is owned by Las Olas Enterprises, Inc., a corporation formed and existing under the laws of Ecuador. Defendants understand the references to "Las Olas" in the Complaint refer to Las Olas Enterprises, Inc. and have addressed the allegations in the Complaint based on that understanding. Further, Defendants deny that Las Olas is a partnership or operates as a partnership, as Plaintiff believes and alleged in the Complaint. Compl. ¶ 3.

when the representation is made. However, the scant detail and conclusory allegations offered fail to state a viable claim for fraud and lack the particularized detail required by Rule 9(b) of the Federal Rules of Civil Procedure. Moreover, Plaintiff's own allegations show that he cannot plausibly plead the elements required for a fraud-based claim, including justifiable reliance as a matter of law.

<u>Third</u>, Plaintiff's final claim – negligent misrepresentation – is facially, fundamentally, and fatally flawed. In addition to being time barred, as discussed below, the Complaint offers legal impossibilities in that it merely offers purported statements, which even if true, are insufficient as a matter of law.

<u>Finally</u>, each of Plaintiff's claims are untimely as they were not asserted until the applicable statute of limitations had expired. Plaintiff's effort to plead around this are belied by his own exhibits.

Accordingly, Defendants respectfully request that the Court dismiss the Complaint pursuant to Rule 8, Rule 9(b), and Rule 12(b)(6). Such dismissal should be with prejudice in light of Plaintiff's inability to plead essential elements of his claims and the time-barred claims he has alleged.

## **FACTUAL BACKGROUND**

Plaintiff alleges he bought a parcel of property that had approximately 700 meters of beachfront property in Ecuador around 2005-2006. Compl. ¶¶ 37, 42-43.[2] Plaintiff subdivided that parcel of land into three separate properties referred to as P1, P2, and P3 in the Complaint. *Id.* ¶¶ 44-46.

In 2017, Plaintiff claims to have meet with Maksymuik for lunch, who purportedly expressed an interest in purchasing P1, P2, and P3 based on a purported sales price of $1,236,000 for each parcel. *Id.* ¶ 50. Plaintiff admits that this sales price, which is raised throughout the Complaint and the basis for Plaintiff's damages, is based on Plaintiff's memory rather than a review of (or reference to) the actual documents. *Id.* ¶ 51. Plaintiff does not explain why he did not attach or otherwise review the purported

---

[2] Confusingly, Plaintiff mentions an "entity" he used in connection with the property at issue, the potential to "resuscitate" that entity to effectuate Defendants' purchase, and a "new entity" as being involved with the property. *Id.* ¶ 10-11; *id.* Exh. E. Based on the Complaint's inconsistencies, it is unclear whether Plaintiff, the old entity, or the new entity was a party to the purported contract Plaintiff references or who the owner of the property actually is.

2

written contract he claims exists. *See generally id.* At the time of this 2017 luncheon – well over four years ago – Plaintiff acknowledges that Defendants informed him that any closing would be in the future, as Defendants could not afford to purchase the land at that time. *Id.* ¶ 53.

In September 2017, Defendants agreed to purchase P1 (not P2 or P3) from Plaintiff, and under the terms of that agreement, Defendants began making payments from September 2017 through October 2018. *Id.* ¶¶ 62-65. When there was an actual agreement, Plaintiff concedes Defendants performed their obligations. *Id.* ¶¶ 64-65. The contract regarding P1 is not at issue in this litigation. *Id.*

Plaintiff next claims that in 2018, Maksymuik provided written purchase offers for P2 and P3, and the purchase price for each parcel was $1,236,000 (based on his memory). *Id.* ¶ 71-73. Plaintiff contends he accepted both purported offers in writing. *Id.* ¶ 74. However, Plaintiff did not include a copy of the purported offer or his acceptance with the Complaint and offered no facts setting forth any agreed-upon obligation of Defendants. *See generally id.*

While the Complaint does not mention the specific month in 2018 when the purported offer was made and acceptance occurred, Exhibit E to the Complaint (which is an email from Plaintiff to Russ, dated June 4, 2022) provides important, clarifying details. In Exhibit E, Plaintiff expressly states he had "waited for four years with promise after promise **when you could not originally close on time**." Compl., Exh. E (emphasis added). Based on the plain language of Exhibit E, Plaintiff contends there was an obligation to close at some point in time that was not met. Because Plaintiff had waited for "four years" since that purportedly missed obligation as of June 4, 2022, it is clear that any failure to perform an express obligation occurred on or before June 4, 2018 (four years prior to the date of the email). Plaintiff further acknowledged that Defendants' business operations were negatively impacted in 2020 and 2021, and this directly affected Defendants' ability to purchase the properties. *Id.*

In addition, Plaintiff expressly acknowledges that he has not performed his own obligations under the mortgage on P2 and P3, as he failed to make payments on that obligation (despite borrowing more than $132,000 from Defendant Russ). Plaintiff also admits that the mortgage holder on P2 and P3 has

commenced foreclosure proceedings. *Id.* ¶¶ 113-115. Plaintiff commenced litigation on August 4, 2022.

## ARGUMENTS AND AUTHORITIES

**I.    Standard of Review**.

To survive a Rule 12(b)(6) motion for dismissal, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). While, in general, a civil complaint in federal court need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," this rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," or supersede the requirements of Federal Rule of Civil Procedure 9(b). *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A court must not accept conclusory allegations of fact as true. *Id.*

As with all claims sounding in fraud, Plaintiff must allege more than "labels and conclusions" to satisfy the plausibility standard and allege "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" to satisfy Rule 9(b). *Twombly*, 550 U.S. at 555. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). The judicially-created standard for a sufficient fraud complaint instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby. *Grubbs*, 565 F.3d at 186 (plaintiff must plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained). If allegations are based on information and belief, the complaint must provide a factual basis for such belief. *Thompson, supra*.

## II.    Plaintiff's Claim for Breach of Contract Fails as a Matter of Law.

### A.    Plaintiff Has Not Pled and Cannot Plead Essential Elements of a Valid Contract.

To plead a claim for breach of contract, Plaintiff must allege (1) the existence of a valid, enforceable contract, (2) plaintiff is a proper party to bring suit for the breach of contract, (3) plaintiff performed, tendered performance, or was excused from performing its contractual obligations, (4) the defendant materially breached the contract, and (5) the material breach caused the plaintiff injury. *Marquis Acquisitions, Inc. v. Steadfast Ins.*, 409 S.W.3d 808, 813 (Tex.App. – Dallas 2013, no pet.). Plaintiff's Complaint impermissibly glosses over these elements, fails to plausibly plead the existence of a valid, enforceable contract, and merely parrots the elements of a claim.

The Complaint does not properly plead the existence of a valid, enforceable contract. Instead, Plaintiff claims he entered into valid, binding contracts with Russ and Maksymuik for them to purchase P2 and P3. Compl. ¶ 131. Plaintiff did not attach the alleged final agreement or the written offers and acceptances to the Complaint. *See generally id.* The Complaint only identifies one of several essential terms of the purported agreements – the purchase price (which is at best questionable, as such allegation is based on Plaintiff's memory from more than four years prior). *Id.* ¶¶ 51, 72 - 73. The Complaint and its exhibits do not mention any other material terms of the agreements to purchase P2 and P3 sufficient to create a binding obligation for Defendants, which, if not performed, could serve as the basis for a breach claim. *See generally id.* Plaintiff does not explain why he did not attach (or even review) the purported written contract or related written documents before filing his suit. *See generally* Compl. As such, Plaintiff has not identified any obligations Defendants promised, but failed, to perform for the Court.

An enforceable contract requires a plaintiff to plead and ultimately prove (1) an offer, (2) an acceptance, (3) mutual assent, (4) execution and delivery of the contract with the intent that it be mutual and binding, and (5) consideration supporting the contract. *Baylor Univ.* v. *Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *Texas Gas utils. Co.* v. *Barrett*, 460 S.W.2d 409, 412 (Tex. 1970); *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 858 (Tex.App.—San Antonio 2017, no pet.). Whether a contract is enforceable

is a question of law. *Sadeghi v. Gang*, 270 S.W.3d 77, 776 (Tex.App.—Dallas 2008, no pet.).

A valid offer requires a plaintiff to plead and ultimately prove that (1) the offeror intended to make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror communicated all material and essential terms of the offer to the offeree. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex.App. – Amarillo 2008, pet. denied); *Engleman Irrigation Dist. v. Shields Bros.*, 960 S.W.2d 343, 352 (Tex.App. – Corpus Christi 1997, pet. denied); *Edmunds v. Houston Lighting & Power Co.*, 472 S.W.2d 797, 708-99 (Tex.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). The offeror's conduct and language must show with reasonable certainty an intent to enter into a binding agreement with the offeree, and the terms must be clear and definite for the offer to be accepted. *Dunn v. Price*, 28 S.W. 681, 682 (Tex. 1894); *Edmunds*, 472 S.W.2d at 799; *Engelman Irrigation*, 960 S.W.2d at 352; *Fort Worth ISD v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000). If the Court cannot determine the parties' intent or what to enforce, the contract is unenforceable. *Bendalin v. Delgado*, 406 S.W.2d 897, 899 (Tex. 1966).

The offeror must communicate all essential terms of the offer to the offeree. *Engelman Irrigation*, 960 S.W.2d at 352. A promise or term is an essential and material part of an agreement if, at the time of contracting, the parties would reasonably regard it as a vitally important element of the bargain. *Fischer v. CTMI, LLC*, 479 S.W.3d 231, 237 (Tex. 2016). The omission or indefiniteness of an essential and material term makes the contract unenforceable. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221-22 (Tex. 1992). For example, in a contract to loan money, the essential terms generally will be the amount to be loaned, the maturity date of the loan, the interest rate, and the repayment terms. *Id.* at 221; *see also Wheeler v. White*, 398 S.W.2d 93, 95 (Tex. 1965) (loan agreement was unenforceable because it did not specify amount of interest, method to compute interest, or time to pay interest); *Loeffler v. Lytle ISD*, 211 S.W.3d 331, 346 (Tex.App.—San Antonio 2006, pet. denied) (contract to sell real property was unenforceable because it did not contain description of land). An agreement to enter into a future contract can be enforceable, but only if it contains all material terms. *Fischer*, 479 S.W.3d at 237; *Fort Worth ISD*, 22 S.W.3d at 846. But an agreement to enter into negotiations of some or all essential terms

in the future is unenforceable as a matter of law. *Estate of Eberling v. Fair*, 546 S.W.2d 329, 334 (Tex.App-Dallas 1976, writ ref'd n.r.e.). Whether all essential and material terms have been included is a question of law. *E.P. Towne Ctr. Partners v. Chopsticks, Inc.*, 242 S.W.3d 117, 122 (Tex.App. – El Paso 2007, no pet.).

Here, the purported agreement underlying Plaintiff's breach of contract claim related to the sale of real property in Ecuador.[3] While the essential terms of a contract are decided on a case-by-case basis, the essential and material terms needed to form an enforceable real estate contract include a description of the property, the timeline for closing the sale, the identities of the transferor and transferee, and the price. *McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013) (noting that a signed, written settlement agreement that included the sale of a piece of real property was enforceable because it contained these four essential terms).

Although Plaintiff attached five exhibits to the Complaint, he did not attach a copy of the purported agreement, written offers, or written acceptances he references in the Complaint. *See* Compl. ¶¶ 71-77; *see generally* Compl.[4] Furthermore, the only essential, material term referenced in the Complaint is the purported purchase price for each of the two pieces of property based on Plaintiff's recollection. *Compare id.* ¶¶ 72-73 (noting the purchase price for each of P2 and P3 "was $1,236,000") with *id.* ¶ 51 ("Plaintiff stated that he would sell each of the properties for US $1,236,000 (***this number is from memory***.") (emphasis added)). Aside from Plaintiff's best guess as to the sales price, the Complaint is silent as to other material, essential terms required for a contract for the sale and purchase of real estate to be enforceable. *See generally* Compl. Furthermore, because the purported agreement involves the sale

---

[3] This litigation involves the sale of real estate in Ecuador where Plaintiff lived in California during the relevant time, the purchaser was an Ecuadoran corporation, one individual Defendant is a Texas citizen, and the other individual Defendant is a Canadian citizen. Defendants contend Texas law governs this litigation, but, as set forth throughout this Motion, the result would not be different if California law was applied.

[4] Under Fifth Circuit precedent, Defendants could attach documents referenced in and material to the allegations in the Complaint. Unfortunately, Defendants are unaware of any emails creating an agreement and because of the absence of dates, times, and contents of the allegedly written offers and acceptances alleged in the Complaint, lack knowledge as to what written instruments Plaintiff is referencing.

of real property, it must satisfy the statute of frauds and must be in writing and signed by the person to be charged with the promise or agreement. TEX. BUS. & COM. CODE §§26.01(a) and (b)(4). The Complaint does not allege that any Defendant signed the offer or any contract. *See generally* Compl.

### B. Plaintiff Has Not Adequately or Plausibly Alleged a Material Breach by Defendants.

Plaintiff claims that Defendants "breached the parties' contract by refusing to pay Plaintiff the US $2,472,000 owed." Compl. ¶ 133. However, the sparse facts offered in the Complaint fail to provide basic notice of which provision of the purported agreement was breached or the date when Defendants' purported obligations were required to be performed. *See generally id.* Instead, Plaintiff's allegations can be summed up as follows – the breach of contract claim arose at some point in time as a result of Defendants' unspecified conduct and actions in contravention of an unidentified obligation in a purported agreement whose material and essential terms are not before the Court. Although unclear from the Complaint, Defendants presume that Plaintiff is referring to a purported failure to close the purchase of P2 and P3 at some point in time, which, if there was such an obligation or a deadline to perform, would require to transfer ownership of that real property to Defendants.[5]

Plaintiff does not identify any specific provision of the alleged agreement that Defendants breached. Stated another way, Plaintiff did not identify any act that Defendants expressly promised to (but did not) do. *See Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) ("A breach of contract...only occurs when a party fails or refuses to perform an act that it expressly promised to do.") (citing *Methodist Hospitals of Dallas v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.--Dallas 1991, writ denied)). To plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached. *Bayway Services, Inc.*

---

[5] Plaintiff glosses over the fact that he had failed to perform his contractual obligations owed to the mortgage holder, and as a result, the mortgage holder has commenced foreclosure proceedings on the two lots Plaintiff claims were the subject of the purported contract. Compl. ¶¶ 112-15. Plaintiff offers no explanation as to how he is owed money by Defendants if it is impossible for him to transfer real property that he no longer owns.

*v. Ameri–Build Construction, L.C.*, 106 S.W.3d 156, 160 (Tex. App.--Houston [1st Dist.] 2003, no pet.) ("A petition in an action based on a contract must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, including...the substance of the contract which supports the pleader's right to recover.") (internal citation omitted). If a plaintiff fails to adequately allege the defendant breached the contract, the plaintiff's claim must be dismissed under Rule 12(b)(6). *Innova Hospital San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602-04 (N.D. Tex. 2014).

Further, Plaintiff does not plead any facts to support the breach of contract claim--only making a conclusory allegation, which is insufficient--that the defendants breached the contract by failing to pay him despite the transaction never having closed. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Twombly*, 550 U.S. at 555); *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.") (internal quotations omitted). Here, Plaintiff does not identify the relevant provision of the purported agreement, such as the closing date. or any other obligation of Defendants at issue and certainly offers no facts indicating how Defendants' actions constituted a breach of an expressly-agreed-upon obligation. *See generally* Compl. As a result, Plaintiff has failed to adequately or plausibly plead a material breach.

III.    **Plaintiff's Substantively and Procedurally Flawed Fraud Claim Should be Dismissed**.

Plaintiff has not stated (and cannot state) a viable claim for promissory fraud or any other fraud-based claim because (1) he has not adequately alleged the elements of a fraud claim and has not alleged fraud with particularity as required by Rule 9(b) and (2) his alleged reliance on Defendants' purported misstatement was unreasonable as a matter of law. Accordingly, the fraud claim should be dismissed.

A.    **Plaintiff Has Not Adequately Alleged Essential Elements of a Claim for Fraud or Alleged Fraud with Particularity**.

The elements of common law fraud are: (1) the defendant made a representation to the plaintiff;

(2) that was material; (3) that was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010). "Promissory fraud" shares these same elements and further requires the complaint to also allege "defendant made a misrepresentation of intent to perform some future action, i.e., the defendant made a promise, and (2) the defendant did not really have that intent at the time that the promise was made, i.e., the promise was false." *Beckwith v. Dahl*, (2012) 205 Cal.App.4th 1039, 1059-1060 [141 Cal.Rptr.3d 142] (internal citations omitted).[6]

A fraud claim is subject to the heightened pleading requirement of Rule 9(b). *Id.* Rule 9(b) requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* FED.R.CIV.P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).

1. <u>The Complaint Does Not Offer Particularized Detail.</u>

Plaintiff alleges Defendants induced him to enter into an alleged contract to sell land parcels P2 and P3 by representing that Defendants "fully intended to honor those contracts." Compl. ¶ 138. Seemingly aware of the heightened pleading standard of Rule 9(b), Defendant alleged "Maksymuik made his Representations over lunch in Bahia, and Russ and Maksymuik made their joint Representations in in-person meetings in California in late August and early September 2018."[7] Plaintiff's broad

---

[6] Under California law, the elements of fraud "are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. Each element must be alleged with particularity." Beckwith, 205 Cal.App.4th at 1059-60 (internal citations omitted). As such, the elements of fraud are essentially the same when compared to Texas law.

[7] Notably, Defendants statements regarding the date and timing of these representations conflicts with information contained in the Exhibits attached to the Complaint. Specifically, as noted above, Exhibit

generalizations are not a viable substitute for the actual representations Defendants purportedly made regarding the purchase, and such conclusory statements are insufficient without the actual representations and their context. *See Brothers v. Print, Inc.,* No. 3:07–11 CV–0415–B, 2007 WL 3331974, at \*6 (N.D.Tex. Nov. 8, 2007). At most, the Complaint generally describes a portion of discussions with Defendants without context or explanation as to why statements by any Defendant were fraudulent or pleading what Defendants obtained by making such fraudulent statements. Without such specificity, Plaintiff's fraud claim fails to satisfy Rule 9(b). *Grubbs*, 565 F.3d at 186; *WMX Techs.*, 112 F.3d at 177.

Even if Plaintiff had pleaded the alleged misrepresentations with particularity, he did not plausibly plead Defendants' intent or knowledge. Instead, Plaintiff alleged in conclusory fashion that "Russ [and Maksymuik] knew at the time he made the Representations that he had no intention to honor his contracts with the Plaintiff." Compl. ¶¶ 140, 142. Defendants alleged misrepresentations concern promises to perform in the future rather than false representations of existing fact, which Plaintiff has acknowledged. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 565 (5th Cir. 2002). Plaintiff concedes this as he admits Defendants told him at the time of purported contracting that they could not afford to close at that time and that any closing "would take some time." Compl. ¶¶ 71-77. Such statements are actionable only if "the promise[s were] made with no intention of performing at the time [they were] made." *H.C. Oil & Gas Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, CIV.A. 3:96–CV–2923–D, 2005 WL 265166 (N.D.Tex. Feb. 2, 2005)(quotation omitted). Conclusory allegations of fraudulent intent such as those offered here will not suffice; rather "plaintiffs must set forth **specific facts** supporting an inference of fraud." *Litson–Gruenber v. JPMorgan Chase & Co.*, No. 7:09–CV–056–O, 2009 WL 4884426, at \*4–5 (N.D.Tex. Dec.16, 2009) (quoting *Melder v. Morris*, 27 F.3d 1097, 1102 (5th

---

E is an email from Plaintiff to Defendant Russ, dated June 4, 2022. In that email, he alleges that as of June 4, 2022, Defendants had entered into a "contract to purchase three properties in 2018, **four years ago**. You've been making promises for **four years**…." *See* Compl., Exh. E (emphasis added). As such, based on Exhibit E, the purported contract (assuming solely for the sake of argument a valid, enforceable contract existed) had to have been entered into on or before June 4, 2018. Where an allegation in a complaint is contradicted by an exhibit, the exhibit controls. *See* Section IV, *infra*.

Cir. 1994)) (emphasis in original). Plaintiff offers no specific facts that support an inference of fraud, rather he only offered assertions "whose formulation presume[s] facts of a vague and unspecific nature." *Litson–Gruenber*, 2009 WL 4884426, at *4–5. Plaintiff does not plead any facts demonstrating that any Defendant "had no intention to honor his contracts with the Plaintiff." Compl. ¶¶ 140, 142. "[S]uch conclusory statements are insufficient under Rule 9(b)." *Litson–Gruenber*, 2009 WL 4884426, at *5.

The few specific facts that Plaintiff mentions do not support an inference that Defendants did not intend to perform. Plaintiff asserts that Defendants told them they were interested in purchasing the properties but also made it clear that as of 2018, they could not afford to close at that time and any transaction would have to be in the future. Compl. ¶¶ 71-77. Plaintiff offered no facts to the contrary, and Exhibit E affirms that Defendants' position remained the same – as of June 4, 2022, there was interest in purchasing P2 and P3 when, and if, funds became available. Exhibit E further provides insight into the lack of available funding, as Plaintiff's own correspondence acknowledged the negative impact COVID-19 had on Defendant Russ's business income in 2020 and much of 2021. *Id.*

These alleged facts demonstrate, at most, that Defendants had interest in purchasing P2 and P3 when, and if, they had sufficient funds to do so, but they are insufficient to create a reasonable inference that Defendants had no intention of buying such properties. As such, Plaintiff has not pleaded "any facts which indicate that [defendant] knew these representations were false when made, but merely that [defendant] did not live up to them." *Siragusa v. Arnold*, No. 3:12–cv–04497–M, 2013 WL 5462286, at *10 (N.D.Tex. Sept. 16, 2013) (Lynn, J.). Plaintiff's failure to plead provide adequate factual detail concerning Defendants' intent at the time of the purported representation requires dismissal of this claim.

### 2. The Complaint Fails to Plead a Plausible Fraud Claim.

Irrespective of the particularity of his allegations, Plaintiff's allegations do not support a plausible right to recover. Fraud claims must be based on a misrepresentation of an existing fact, *Kiper v. BAC Home Loans Servicing, L.P.*, 884 F.Supp.2d 561, 573 (S.D. Tex. 2012), or a promise of future performance where there was never any intent to perform. *Keen v. Suntrust Mortgage, Inc.*, No. 1:10–CV–733, 2013 WL

1181451 *5–6 (E.D. Tex. 2013). As discussed above, Plaintiff's fraud claim is based on neither; rather, the entire premise of Plaintiff's fraud claim is that Defendants made a misrepresentation concerning contingent future conduct wherein the relevant contingency did not occur. Given the contingent nature of the alleged future promise to perform and the absence of any allegations that would support an inference that Defendants never intended to perform, Plaintiff has not stated a plausible claim for fraud. As such, under Rules 8, 9(b), and 12(b)(6), Plaintiff's fraud claim is subject to dismissal. *See Spencer v. Deutsche Bank National Trust Co.*, No. H-14-0164, 2014 WL 7151505, *5 (S.D. Tex. Sept. 17, 2014).

### B. <u>Plaintiff's Purported Reliance is Not Justifiable As a Matter of Law</u>.

Plaintiff must adequately plead that it justifiably relied on the representation. *Sawyer v. E.I. Du Pont de Nemours & Co.*, 453. S.W.3d 419, 423-24 (Tex. 2014). Here, Plaintiff purports to have relied on contingent future conduct and asks the Court to find that such reliance is justifiable. Plaintiff's position is inconsistent with applicable law.

While the issue of justifiable reliance is a question of fact, reliance is not justifiable as a matter of law when there are red flags present. *JPMorgan Chase Bank v. Orca Assets, G.P., LLC*, 546 S.W.3d 648, 653-54 (Tex. 2018). Courts consider multiple factors when determining whether a party's reliance was justifiable. First, Plaintiff's characteristics and abilities before or at the time the representation was made must be considered. *See Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). And the parties' relative levels of sophistication help guide this determination. *See Bluebonnet Sav. Bank v. Grayridge Apt. Homes, Inc.*, 907 S.W.2d 904, 909 (Tex.App-Houston [1st Dist.[] 1995, writ denied) (negligent misrepresentation case wherein reliance was judged by plaintiff's status as an experienced businessperson and by what a reasonable businessperson with plaintiff's experience would think and consider). Here, Plaintiff had purchased over seventy residential properties in California, then expanded internationally where he sold out multiple developments, and has decades of real estate experience. Compl. ¶ 34.

The nature of the relationship between the parties is also a relevant consideration. Here, Plaintiff and Defendants were exploring an arm's length transaction, so Plaintiff was required to exercise ordinary

care to protect his own interests and is presumed to know any facts that would have been discovered by a reasonably prudent person in similar circumstances. *JPMorgan Chase Bank*, 546 S.W.3d at 654; *Chico Auto Parts & Serv. v. Crockett*, 512 S.W.3d 560, 577 (Tex.App. – El Paso 2017, pet. denied). In an arm's length transaction, the plaintiff is not justified in relying merely on the defendant's honesty and integrity. *JPMorgan Chase Bank*, 546 S.W.3d at 654. Here, Plaintiff contends he relied on the amorphous "Representations" to his detriment despite knowing Defendants could not financially afford to close immediately or quickly. Compl. ¶¶ 71-77.

Furthermore, Plaintiff expressly acknowledges Defendants "could not originally close on time." *See* Compl., Exh. E. Despite that knowledge, Plaintiff waited for four years (as of June 4, 2022) for the transaction to close, but offers no insight into any efforts to protect his own interests during that time. *See generally id.* Plaintiff makes no mention of any steps he undertook to determine the financial capacity of Defendants, the imposition of any deadline to close, a timely declaration of a breach, efforts to secure an alternative buyer, or any other steps he undertook in response to these red flags. *See generally* Compl. While a plaintiff generally does not have a duty to investigate to determine whether the representation is fraudulent, he cannot simply ignore red flags or facts that a reasonable person would consider and learn through the exercise of ordinary care. *JPMorgan Chase Bank*, 546 S.W.3d at 654. Here, Plaintiff was aware of a significant red flag – the inability to pay or close "for some time" – yet, proceeded with the transaction regardless without requiring any terms or conditions to protect its own interests and with full knowledge that the representation could only cover a future transaction that was contingent on Defendants' financial ability to proceed. Furthermore, the misrepresentation Plaintiff cites merely states that Defendants "fully intended to honor" their obligations. The facts Plaintiff has offered do not show that Defendants never intended to perform; rather they establish Defendants did not perform. Mere non-performance of a promise based on future conduct is insufficient to show Defendants had no intention of performing. Plaintiff's Claim for Negligent Misrepresentation Fails As a Matter of Law.

To plead a claim for negligent misrepresentation, Plaintiff must plead facts sufficient to show (1) defendant made a representation in the course of the defendant's business or in a transaction in which the defendant has a pecuniary interest; (2) defendant supplied false information for the guidance of others, (3) defendant did not use reasonable care in obtaining or communicating the information, (4) plaintiff justifiably relied on the misrepresentation, and (5) such misrepresentation proximately caused Plaintiff's injury. *See JPMorgan Chase Bank*, 546 S.W.3d at 653-54. Plaintiff's mere recitation of the elements is insufficient, and Plaintiff's own pleading demonstrates that he cannot plead plausible facts supporting essential elements of his claim. *See* Compl. ¶¶ 153-156; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.) ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.") (internal quotations omitted).

Here, Plaintiff claims that the allegedly actionable representation occurred when "[i]n 2017 and 2018, Russ and Maksymuik induced the Plaintiff to enter into the parties [sic] LICO-related contracts by representing that he fully intended to honor those contracts." Compl. ¶ 138 (defining "Representations"). Thus, any purported representation would have had to have been made in 2017 and 2018 to be actionable, because any representation made after that could not be justifiably relied upon, as it would have been made after Plaintiff had acted in reliance. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 236-37 (Tex. 1997) (no reliance when plaintiff saw defendant's ads that denied causing cancer after plaintiff had started smoking). Accordingly, no statements made after 2018 (presumably June 4, 2018 based on Exhibit E) can support the element of justifiable reliance.

Similarly, Plaintiff merely concludes that Defendants "failed to exercise due care in making the Representations." *Id.* ¶ 154. Plaintiff has offered no facts or theories as to how Defendants failed to exercise due care. *See generally id.* To the contrary, the Complaint is clear that Defendants exercised due

care in relaying their intentions regarding P2 and P3 – namely, that they were interested in purchasing the land – and made it clear that they lacked the funds to do so at that time and consistently informed Plaintiff that any purchase and closing would have to take place in the future and after they could afford to do so. Compl. ¶¶ 74-77.  Defendant's message never changed from 2018 until 2022.  *Id.* Exh. E (Defendant Russ expected to receive funds in the near future that were sufficient to allow him to close, and further explaining that the failure to receive such funds would result in Defendants being unable to purchase the lots).  In addition, Plaintiff acknowledged the negative impact COVID-19 had on Defendants' business income and assets in 2020 and much of 2021.  *Id.*  Again, Plaintiff's own acknowledgments cut against a finding that Defendants offered false information or failed to exercise due care.  Defendants have been forthcoming about their intention to purchase the land if and when they had the funding to do so.

Finally, the Complaint fails to adequately plead that Defendants supplied false information for the guidance of others.  Under applicable law, the "false information" must be a misstatement of existing fact.  *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). A promise to do or refrain from doing something in the future is not actionable, as it does not concern an existing fact.  *See, e.g., Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 760-61 (Tex.App – Ft. Worth 2012, pet. denied) (promise to give homeowners opportunity to accept mineral lease deal was not misrepresentation of existing fact but merely a promise to do a future act); *Roof Sys. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex.App.—Houston [14th Dist.] 2004, no pet.) (promise to provide warranty "as a condition precedent to final payment" was not misrepresentation of existing fact but merely representation about future conduct).  Here, at most and giving the benefit of the doubt, Plaintiff seeks to attach liability to future conduct tied to a contingent event that did not transpire.  Plaintiff did not plead any facts showing that Defendants provided false information to Plaintiff or failed to exercise due care when providing such information; rather Plaintiff's allegations merely show that Defendants' statements related to future conduct, which are not actionable as a matter of law.

16

IV.     **Each of Plaintiff's Claims is Barred by the Statute of Limitations and Should be Dismissed with Prejudice**.

Plaintiff has asserted three claims – breach of contract, promissory fraud, and negligent misrepresentation. *See generally* Compl. The statute of limitations for breach of contract is four years, and a claim for breach of contract accrues at the time of the breach unless the nature of the injury is inherently undiscoverable and objectively verifiable. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *Via Net v. TIG Ins.*, 211 S.W.3d 310, 314 (Tex. 2006); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886-87 (Tex. 1998).[8]

The statute of limitations for a fraud-based claim is four years and accrues on the date the defendant makes the false representation. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988).[9] However, the limitations period does not begin to run until the fraud is discovered or could have been discovered through the exercise of reasonable diligence. *Hooks v. Samson Lone Star, L.P.*, 457 S.W.3d 52, 57 (Tex. 2015).

The applicable statute of limitations for negligent misrepresentation is two years. *See Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 118-19 (Tex.App. – Austin 1993, no writ).[10] A claim for negligent misrepresentation accrues at the time of injury, and the discovery rule does not apply unless the injury was inherently undiscoverable and objectively verifiable. *HECI Exploration Co.*, 982 S.W.2d at 886-87. Based on the allegations in the Complaint and the contents of the Exhibits attached thereto, it is clear that each of Plaintiff's claims are untimely and must be dismissed.

Plaintiff does not expressly identify when Defendants failed to perform an express obligation, the date of any purported misrepresentation, or the date he learned of any breach or misrepresentation. *See generally* Compl. That said, however, the Complaint offers allegations surrounding a telephone call Plaintiff had with Russ in June 2022, which he characterized as occurring "after almost four years of promises…." Compl. ¶ 120. That allegation, however, is contradicted by Exhibit E, which is an email

---

[8] California's statute of limitations for breach of a written contract is four years. Cal. Civ. Pro. Code §337.
[9] California's statute of limitations for fraud is three years. *See id.* §338.
[10] California's statute of limitations for negligent misrepresentation in this case is three years. *Id.* §338(d).

from Plaintiff to Russ purportedly documenting that conversation on June 4, 2022 (which was two months prior to Plaintiff's filing of this litigation).

Generally, when ruling on a Rule 12(b)(6) motion, a district court may not look beyond the pleadings. The court may, however, refer to matters of public record, as well as to documents attached to the complaint." *Stockwell v. Kanan*, 442 F. App'x 911, 913 (5th Cir. 2011) (per curiam) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)); *accord Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019).

"The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." *Gill*, 941 F.3d at 511 (quoting FED. R. CIV. P. 10(c); citations omitted). Rule 10(c) therefore prohibits the Court's ignoring exhibits attached to a complaint. *See, e.g., id.* at 515 ("We cannot throw out the entire arrest affidavit because K.C.R. made it part of her pleading." (citing Rule 10(c))). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))); *see also Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2011 WL 3567419, at *9 (N.D. Tex. Aug. 15, 2011) (*Simmons* instructs "that a genuine conflict between the complaint and a pleading exhibit requires that the court accept the exhibit rather than the factual allegations as true.").

Here, a genuine conflict exists regarding the timing of the purported breach of what, if any, contract existed, the date of any fraudulent or negligent misrepresentation, the date the breach occurred, or the date the alleged fraud was discovered or could have been discovered through reasonable diligence. Plaintiff never states the date of performance, the date of the misrepresentation, or the date he discovered the breach or the fraud. Instead, the Complaint generically alleges that the call in "early June 2022" was "after almost four years of promises." Compl. ¶ 120.

In contrast, the June 4 email clarifies the vagueness and ambiguity of the Complaint's allegations. Importantly, in the June 4 email, Plaintiff wrote, "I was disappointed to hear you state just now that if you don't have money early next week, that you will be unable to buy the properties, **after I've waited four years with promise after promise when you could not originally close on time**." *See* Compl., Exh. E (emphasis added).  As of June 4, 2022, Plaintiff acknowledges and admits that he had **already** waited for four years for the transaction to close **after** Defendants could not originally close on time. Thus, Plaintiff references a closing date or obligation to close (which Plaintiff claims comprised the breach) that predated the June 4, 2022 email by four years.  Based on Plaintiff's own statement, the cause of action for breach of contract accrued on or before June 4, 2022 at the latest.  *Id.*  Similarly, after the failure to "originally close," Plaintiff could have exercised reasonable diligence to determine Defendants' financial status and intentions at or around that same time.  Accordingly, Plaintiff's causes of action for breach of contract and fraud accrued on June 4, 2018 at the latest.  Plaintiff did not file his Complaint until August 4, 2022, two months **after** the statute of limitations had run.  Plaintiff's negligent misrepresentation claim is even more clearly untimely.  Given the two-year statute of limitations for negligent misrepresentation, Plaintiff's claim expired years before the Complaint was filed.  Accordingly, each of Plaintiff's claims should be dismissed with prejudice, as they are untimely as a matter of law.

**V.**      **In the Alternative, Defendant Moves for a More Definite Statement**.

In the alternative, should the Court determine that the Complaint pleads one or more viable claims, Defendants respectfully request that Plaintiff be ordered to re-plead to provide a more definite statement pursuant to Rule 12(e).  The Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response.  As set forth above, Plaintiff has provided none of the information needed to determine whether an enforceable contract exists between Plaintiff and Defendants, the proper parties to any purported agreement, the material terms of the agreement (including the closing date and identification of the event(s) and/or conduct constituting a breach, the timing of such conduct, and so

DM1\13441316.1

forth).  Basic information Defendants would need to respond to the Complaint is absent from the Complaint and makes a responsive pleading impossible.

## CONCLUSION

Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety.  Defendants further request and urge that the Court dismiss the Complaint with prejudice because all claims asserted are time barred.  Defendants further request any and all other relief to which the Court finds they are justly entitled.

Dated: September 6, 2022

Respectfully submitted,

/s/ Lucas C. Wohlford
Lucas C. Wohlford State
Bar No. 24070871
lwohlford@btlaw.com
**Duane Morris LLP**
100 Crescent COURT, Suite 1200
Dallas, TX 75201-2469
Telephone: (214) 257-7214
Facsimile: (214) 853-5271

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  In addition, because Plaintiff is pro se', I further certify that Plaintiff was served with a copy of the foregoing via certified mail, return receipt requested to the following address:

Carl A. Wescott
8210 E. via de la Escuela
Scottsdale, Arizona 85258

/s/ Lucas C. Wohlford
Lucas C. Wohlford

20