# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| **CARL A. WESTCOTT,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:22-CV-0785** |
| | § | |
| **WILLIAM "RANDY" RUSS, et al.,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE
        UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Dismiss, Dkt. 13; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.    BACKGROUND

This is a breach of contract dispute involving the alleged sale of two beachfront Properties, denominated in the pleadings as P2 and P3, located in Ecuador. Plaintiff Carl A. Westcott, who is proceeding pro se, sues Defendants William "Randy" Russ, Las Olas, Keli Russ, Las Olas Ecuador, Inc, David Maksymuik, Bobby Castle Construction, Texas Fixtures and Interiors, Inc., and Vista Pacifica, LLC, alleging: (1) breach of contract; (2) "promissory fraud"; (3) negligent misrepresentation; (4) promissory estoppel; (5) negligence (against William Russ and Maksymuik); (6) breach of fiduciary duty (against William Russ and Maksymuik); (7) unjust enrichment; and (8) abuse of process.

1

In his 54-page Complaint, Westcott asserts that he owned a company[1] that owned two beach properties in Ecuador, which he sold to Defendants Russ and Maksymuik, who are partners in the development Las Olas, closing in December 2018 or January 2019. Westcott asserts that he transferred title to Defendants and did so through granting them his power of attorney, but they never paid him in full for the Properties. The other named Defendants are companies owned by Russ and/or Maksymuik and Russ's wife. Westcott sues these entities as alter-egos or associated businesses who he alleges conspired with Russ and/or Maksymuik in the failure to pay him. Westcott maintains that this case is properly before the undersigned based on diversity jurisdiction. Despite bringing a breach of contract cause of action, Westcott has not attached a contract to his Complaint.

Defendants move to dismiss Westcott's claims, arguing they are barred by limitations, and that he has failed to adequately plead a basis for various claims.

## II.        LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid*

---

[1] The undersigned notes that Westcott, alleging the Properties were owned by a company, is proceeding on his own behalf and pro se. A company cannot proceed pro se and must be represented by counsel. However, since the undersigned finds his claims should be dismissed, the Court addresses his claims as if brought by him personally and does not address the issue of whether or not Westcott was even a party to the contract and other transactions, upon which he is suing, if the property in issue belonged to another entity.

*Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at

338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.   DISCUSSION

### A.   Limitations

Defendants move to dismiss all of Westcott's claims, arguing they are outside the applicable limitations periods. The parties dispute whether Texas or California law controls, as Westcott asserts the contract to buy P2 and P3 was signed in California. However, as stated above, Westcott has failed to attach a copy of the alleged contract to his Complaint. And, Westcott relies on Texas law in his pleadings.

In diversity cases, limitations is determined by the choice-of-law rules of the forum state. *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1103 (5th Cir. 1981). "The Fifth Circuit has held that Texas applies its own statute of limitations, regardless [of] what substantive law applies." *Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, No. 3:01-CV-2185, 2004 WL 57215, at *3 (N.D. Tex. Jan. 5, 2004) (citations omitted*); Aubrey v. D Magazine Partners, L.P.*, No. 3:19-CV-0056-B, 2020 WL 1479025, at *12 (N.D. Tex. Mar. 26, 2020); *Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 488 (5th Cir. 2023). Thus the undersigned applies Texas limitations for each claim. And, since Westcott also pleads his causes of action pursuant to Texas law and does not make any substantive legal choice of law argument, the undersigned also applies Texas law to his claims.

4

### B.      Claims with Two-Year Limitations

Westcott has made claims of negligence, negligent misrepresentation, unjust enrichment, and abuse of process, each of which has a two-year statute of limitations under Texas law. *See Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 118-19 (Tex. App.—Austin 1993, no writ) (negligent misrepresentation and negligence); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007) (unjust enrichment); *Patrick v. Howard*, 904 S.W.2d 941, 944 (Tex. App.—Austin 1995, no writ) (abuse of process). A claim under each of these causes of action accrues at the time of injury, and the discovery rule does not apply unless the injury was inherently undiscoverable and objectively verifiable. *Id.*; *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886-87 (Tex. 1998).

In this case, Westcott alleges that he (or the company he owned) sold P2 and P3 to Defendants, that was to close on January 2019, that Defendants failed to pay, and instead transferred the title to themselves. Dkt. 11, at ¶¶ 168-176 ("The Purchasers have had control of P2 and P3 since 2018, with the Purchasers' power of attorney. Upon information and belief, they then transferred title in late 2018 or early 2019. Mr. Maksymuik committed to transferring the title by then; he also committed to paying for the Properties in full by January 2019 or working out a payment plan by January 2019 … all the Purchasers needed to do to complete the closing.") The undersigned addresses the limitations issue with regard to each claim, and for some claims whether Westcott has stated a claim upon which relief might be granted.

1.    Negligent misrepresentation claim

Westcott's negligent misrepresentation claim is based on the allegation that in 2017 Defendants induced him to enter into a contract to sell P2 and P3 by representing they would pay him over two million dollars for the Properties, which they did not do. Dkt. 11, at ¶¶ 258, 260, 276. He maintains that they continued to promise to pay him at later dates as well.

Under Texas law, a claim for negligent misrepresentation consists of four elements: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005). The alleged false information must be a misstatement of existing fact rather than a promise of future conduct. *Id.*; *see also Vinson v. Amerihome Mortgage Co., LLC*, No. 4:22-CV-0928-P, 2023 WL 2895251, at *3 (N.D. Tex. Apr. 11, 2023).

The undersigned finds that Westcott's negligent misrepresentation claim should be dismissed. First, Westcott's negligent misrepresentation claim that in 2017 he was induced to enter into a contract is barred by the two-year statute of limitations. He alleges in his pleadings that "Plaintiff has been damaged as a result of his reliance on the Representations by losing US $ 2,472,000 as of January 2019."

Dkt. 11, at ¶ 280. Accordingly, according to his Complaint Westcott was aware of any injury by January 2019 at the latest. His claim is time-barred.

Second, Westcott cannot state a claim for negligent misrepresentation because he has not identified with particularity a misstatement of existing fact with regard to the 2017 statement or alleged promises to pay in the future he alleges occurred in 2022. A promise of future conduct will not support a negligent misrepresentation claim. *See, e.g.*, *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 602 (Tex. App.—Tyler 2005, pet. denied) (explaining that the "false information" contemplated in a negligent misrepresentation case must be a misstatement of existing fact, not a promise of future conduct); *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist] 1999, pet. denied). His negligent misrepresentation claim fails on this additional basis.

### 2. Negligence and unjust enrichment claims

Westcott's negligence claims are based upon his transfer of his power of attorney to Maksymuik in 2018 to effectuate transfer of title of the Properties. Westcott asserts "Maksymuik either effectuated the transfer of the title or should have effectuated the transfer of the title.... In not paying the Plaintiff, the Purchasers breached their fiduciary duty to the Plaintiff." Dkt. 11, at ¶¶ 299-301. Westcott bases his unjust enrichment claim on these same facts. *Id.* at ¶¶ 314-326. Westcott acknowledges his negligence and unjust enrichment claims are barred by limitations. Dkt. 14, at 13. Additionally, as explained above, he was aware of his injury in 2019 the latest and did not file suit until 2022. Accordingly, they should be dismissed.

3.      Abuse of process

Westcott also alleges an abuse of process claim under Texas law. In this complicated pleading, Westcott asserts that Maksymuik bribed Barringer, who held a note on P2 and P3, to foreclose on the Properties, and also bribed Floridalva Zambrano, Westcott's attorney, to fake proof of service. This allowed foreclosure without Westcott's knowledge, so Maksymuik could buy the Properties from Barringer for the amount of Westcott's unpaid debt. Dkt. 11, at ¶¶ 327-329. Westcott asserts that Defendants obtained a default judgment against his company, which owned the Properties, but that "Zambrano forgot to foreclose on P2 and P3 for Mr. Barringer, and thus Mr. Russ and Mr. Maksymuik were not able to steal P2 and P3 from the Plaintiff without paying him, by only paying the amount of Plaintiff's debt to Mr. Barringer." *Id.* at ¶¶ 333-336.Westcott asserts that Defendants misused the service of process and foreclosure proceeding "to hide a fraudulent lawsuit from the Plaintiff, so as to steal the Properties." *Id.* at ¶ 341. Westcott asserts he did not learn of the above-described scheme until 2022.

"Abuse of process is the malicious use or misapplication of process in order to accomplish an ulterior purpose." To show abuse of process, a plaintiff must establish "(1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process, (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damage resulted to the plaintiff as a result of such illegal act." *D.A. v. United States*, No. EP-22-CV-00295-FM, 2023 WL 2619167, at *17 (W.D. Tex. Mar. 23, 2023)

8

(citing *Moore v. Bushman*, 559 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Westcott's allegations make it clear that this attempt to "steal" his property occurred before the alleged sale of P2 and P3 and thus is barred by the statute of limitations unless the discovery rule applies. Dkt. 11, at 28 (stating "Only after the Defendants' attempt to steal P2 and P3 failed, did Mr. Russ and Mr. Maksymuik make their offers to purchase P1 (separately) and the Properties (P2 and P3).").

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Statute of limitations typically begin to run when an injury occurs, or when the action "accrues," regardless of whether the plaintiff learns of that injury or if all the resulting damages have yet to occur. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). There are exceptions to the rule, however. Under Texas law, there is a "very limited exception to the statute of limitations" called the discovery rule. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

The discovery rule applies "only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929-30 (Tex. 2011). When the discovery rule applies, the cause of action does not accrue and the limitations period does not begin to run "until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *HECI Exploration Co.*, 982 S.W.2d at 886; *see Patrick v. Howard*,

904 S.W.2d 941, 944 (Tex. App.—Austin 1995, no writ) (discussing discovery rule). In this case, Westcott has failed to identify an "objectively verifiable injury" upon which to base the discovery rule. He asserts Defendants "attempted" to steal property from him through a scheme through which his attorney, who is not a party, and Barringer who is also not a party, faked proof of service so Barringer could obtain a default judgment and foreclose on Westcott. However, he also alleges the foreclosure did not occur. Moreover, Westcott has failed to allege *any* injury linked to his abuse of process of claim, nor any "objectively verifiable injury" upon which to base the application of the discovery rule related to his abuse of process claim. Additionally, even applying the discovery rule, with the exercise of due diligence Westcott should have known about any default judgment involving the Property prior to entering into a contract to sell it, which was well before the statute of limitations expired. After all, Westcott asserts that he was attempting to sell P2 and P3 beginning in 2018 and with due diligence would have apprised himself on any cloud on the title. Westcott's abuse of process claim is barred by the two-year statute of limitations.

Additionally, Westcott has failed to identify any damages he suffered from the alleged breach of process as he asserts he sold P2 and P3 to Defendants via a written contract and the Properties were not obtained by them through another mechanism such as foreclosure or default judgment. Accordingly, Westcott fails to state a claim for abuse of process and this claim is properly dismissed on this basis.

### C.     Claims with Four-Year Limitations

Westcott has alleged four causes of action which are governed by a four-year statute of limitations: (1) breach of contract, (2) fraud, (3) breach of fiduciary duty, and (4) promissory estoppel. The statute of limitations for breach of contract is four years, and a claim for breach of contract accrues at the time of the breach unless the nature of the injury is inherently undiscoverable and objectively verifiable. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *HECI Exploration Co.*, 982 S.W.2d at 886-87. The statute of limitations for a fraud-based claim is four years and accrues on the date the defendant makes the false representation. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). However, the limitations period does not begin to run until the fraud is discovered or could have been discovered through the exercise of reasonable diligence. *Hooks v. Samson Lone Star, L.P.*, 457 S.W.3d 52, 57 (Tex. 2015).

### 1.     Breach of contract claim

The elements of a breach of contract claim are: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Defendants assert that Westcott has failed to plead the existence of a valid enforceable contract and that his breach of contract claim falls outside the applicable limitations period. Dkt. 13, at 11.

A valid and enforceable contract under Texas law requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party consented to the terms of the contract; (5) execution and delivery of the contract with an intent that it be mutual and binding on the parties; and (6) consideration." *Owens v. Specialized Loan Servicing, L.L.C.*, 694 F. App'x 950, 953 (5th Cir. 2017) (citing *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). The statute of frauds also requires that, to be enforceable, contracts for the sale of real estate must be in writing and signed by the person charged with the promise. Tex. Bus. & Com. Code § 26.01(a), (b)(4).

In this case, Westcott has not attached a copy of the alleged contract, although he alleges that a legally enforceable written contract exists, and the sale price for P2 and P3, which he asserts is $1,236,000 for each property. He also pleads that the parties agreed the purchase would be closed no later than January 2019. Because the contract is not before the undersigned, fact issues exist about its terms and its very existence. Whether Westcott has adequately pleaded a valid, enforceable contract, and breach is difficult to assess at this juncture, as Westcott's Complaint contains internally inconsistent factual statements.[2]

---

[2] The undersigned notes that the pleadings state that the Properties in issue were owned by a company and not Westcott (who owned that company), subject to a mortgage, and other facts, which make it seem that Defendants' arguments regarding Westcott's failure to state a claim might be better addressed on summary judgment, and not dismissal. Additionally, since the alleged contracts are not in evidence, there is an obvious fact issue as to whether the alleged contract even existed, and if they did, their contents and the implications thereof.

As to the statute of limitations, Defendants argue that Westcott's attached Exhibit E, Dkt. 11-1, at 8, shows that as of June 4, 2022, Westcott himself believed that any breach had occurred over four years prior when he states, "as you know, you and Las Olas entered into a contract to purchase three properties in 2018, four years ago…. You've been making promises for four years and I've been quite patient…. I've waited for four years with promise after promise when you could not originally close on time." Defendants assert that this Exhibit conflicts with Westcott's pleading.

In determining whether a plaintiff has stated a claim under Rule 12(b)(6), a court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.), cert. denied, 311 U.S. 685 (1940)). Thus, the exhibit controls in this instance.

Westcott has asserted the "the original breaches of the two contracts were in January 2019, less than four years ago." Dkt. 14, at 6. Thus, despite a lack of identification in the pleadings of what action by Defendants constitutes a breach of the alleged written contract, Westcott is asserting the failure to timely close in January 2019 constitutes the breach. However, in his June 4, 2022, email, Westcott states, "I've waited for four years with promise after promise when you could not

originally close on time." Dkt. 11-1, at 8. Westcott acknowledges in June of 2022 that over four years had passed since the agreed-upon closing date. Accordingly, the undersigned finds his breach of contract claim[3] is time-barred by the four-year statute of limitations.

### 2. Breach of fiduciary duty

Westcott's breach of fiduciary duty claim is based upon his transfer of his power of attorney to Defendants, allegedly so they could "close" on the sale of the P2 and P3, and instead, he alleges that he believes they transferred title without paying him as agreed. The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant breached his fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant. *D & J Real Estate Services, Inc. v. Perkins*, No. 05-13-01670-CV, 2015 WL 3507323, at *4 (Tex. App.—Dallas June 4, 2015, pet. denied) (mem. op.) (citing *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)).

The June 4, 2022, email referenced above also puts any breach of fiduciary duty outside the four-year limitations period. Any transfer of title and failure to close would have necessarily occurred prior to the period in which Westcott, "waited for four years with promise after promise when you could not originally close on time."

---

[3] Westcott alleges the existence of oral contracts involving the sale of the Properties, but as explained above, any oral contract for sale of property would violate the statue of frauds; and, he also asserts written contracts exist involving the property sale.

Dkt. 11-1, at 8. Accordingly, any breach of fiduciary duty claim is barred by limitations.

Additionally, Westcott represents that "in 2018, the Plaintiff traveled to Ecuador, in part to provide his notarized power of attorney in favor of Defendants' company so that Defendants could effectuate the transfer of title/ownership of the Properties (and also of P1)." Dkt 11, at ¶ 154. Generally, "while a fiduciary relationship or confidential relationship may arise from the circumstances of a particular case, to impose such a relationship in a business transaction, the relationship must exist prior to, and apart from the agreement made the basis of the suit." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997). Any transfer of Westcott's power of attorney was in furtherance of closing the alleged property transaction that is the subject of this suit, and therefore, he cannot state a claim for breach of fiduciary duty based on that transaction, as no duty existed.

### 3.   Promissory estoppel

Westcott alleges that Defendants agreed to purchase and pay for the Properties, which he relied on to his detriment, as he gave control of the Properties to Defendants through his power of attorney, and then could no longer sell or subdivide those Properties, depriving him of the ability to monetize them himself. Dkt. 11, at ¶¶ 283-293.

The elements of promissory estoppel are "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

Defendants argue that Westcott's promissory estoppel claim is barred by limitations and that he has failed to state a claim for promissory estoppel. The undersigned agrees. Westcott's promissory estoppel claim is barred by limitations for the same reason his breach of contract claim is barred, that he admitted in his June 4, 2022, email that he had been waiting for payment for over four years. He could not have been waiting for payment for over years without being promised payment prior to that. This claim is time-barred.

4. Fraud

Lastly, Westcott brings a claim for fraud. Westcott pleads that "In 2017 and 2018 Russ and Maksymuik induced the Plaintiff to enter into the parties' contracts by representing that they fully intended to honor those contracts" and "induced the Plaintiff to enter into the parties' contracts by representing that they had the ability to pay the Plaintiff the millions of dollars they were offering." Dkt. 11, at ¶¶ 256-257. Westcott asserts these representations were made in late August 2017 and early September 2017. *Id.* at ¶¶ 260-261. He pleads that further misrepresentations were made by Mr. Russ in April, May, and June of 2022, when he stated he would be able to pay Westcott in full. *Id.* at ¶ 262. Westcott pleads that Defendants never intended to pay and knew this at the time they represented to him that they would pay for the Properties.

"Under Texas law, the elements of a fraud cause of action are: (1) a material representation; (2) it was false when made; (3) the speaker either knew it was false or asserted it without knowledge of its truth; (4) the speaker intended that it be acted

upon; (5) the party acted in reliance; and (6) the party was injured as a result." *Malacara v. Garber*, 353 F.3d 393, 403-04 (5th Cir. 2003) (applying Texas law) (citation omitted). "Fraud claims that depend on the existence of an enforceable contract are properly styled as fraudulent inducement claims, not common law fraud claims." *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (applying Texas law). Fraudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future contractual performance with no intention of performing at the time it was made. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

Rule 9(b) applies to all allegations of fraud whether they are part of a claim for fraud or not. Fed. R. Civ. P. 9(b); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wallace v. Tesoro*, 796 F.3d 468, 480 (5th Cir. 2015) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

Westcott pleads that in 2017, while visiting Bahia he had lunch with Maksymuik, who expressed an interest in buying the Properties, but stated "it would take some time for a close of a purchase." Dkt. 11, at ¶¶ 96-99. Westcott also pleads

17

that in late August 2017, Russ and Maksymuik traveled to California to discuss purchase of three properties P1, P2, and P3. *Id.* at ¶¶ 104-105 ("Because the Las Olas development was north of the Plaintiff's properties, Mr. Russ and Mr. Maksymuik decided to first buy P1, before moving on to P2 and P3.") Defendants allegedly represented in 2017 that "Las Olas would have millions in sales by calendar year 2018, and they could quickly pay in cash, in full, first for P1, and then for P2 and P3." Dkt. 11, at ¶ 108. Westcott pleads that "Before Mr. Russ and Mr. Maksyuik left California in early September 2017, Mr. Russ and Mr. Maksyuik, as buyers for P1, and the Plaintiffs, as the former beneficial owner of P1, has signed a contract by which Russ and Maksymuik would buy P1 from the Plaintiff over a period of sixteen months." *Id.* at ¶ 110. Westcott further pleads that after the sale of P1 was complete, "Mr. Maksymuik, as agent for Mr. Russ and for their Las Olas partnership, provided written purchase orders for P2 and P3 in 2018" and that "Plaintiff accepted both offers in writing, thus forming contracts with Russ and Maksymuik and their Las Olas partnership." *Id.* at ¶¶ 147, 150. However, "Russ stated in January 2019 (when the purchases were supposed to close) that they didn't have the money, were still committed to purchasing, but would need more time." *Id.* at ¶ 161.

Westcott pleads that he entered into a contract of sale for P2 and P3 sometime in 2018. Thus, any fraudulent inducement to contract occurred prior to that time. *See Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (stating that "with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties") (citing *Haase v. Glazner*, 62 S.W.3d 795,

798 (Tex. 2001) ("When a party has not been induced into a contract ... there is no detrimental reliance and therefore no fraudulent inducement claim.")).[4] Westcott has failed to plead with particularity any statement allegedly made prior to entry into the alleged contract for sale of P2 and P3 supporting a fraudulent inducement claim. Westcott has failed to allege specific facts supporting an inference that the statements in Bahia or California were "knowingly false," or "made without exercising due care or competence." *U.S. ex. rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) ("in order to adequately plead scienter, 'a plaintiff must set forth specific facts that support an inference of fraud'")). Defendants' statements, reflected in the pleadings, that they would have money in the future to pay Westcott after they sold properties in their resort, merely support that Defendants possibly made a misrepresentation of contingent future conduct. *Spencer v. Deutsche Bank Nat. Tr. Co.*, No. H-14-0164, 2014 WL 7151538, at *3 (S.D. Tex. Dec. 12, 2014). The failure to perform a contract in itself does not constitute fraud. *Formosa Plastics Corp.*, 960 S.W.2d at 48.

Westcott has failed to allege any facts that show that Defendants' alleged statements were belied by actual knowledge of contradictory facts. Without such a showing, Westcott's Complaint fails to state a claim for fraud or fraudulent inducement. Absent specific facts supporting an inference that Defendants'

---

[4] The undersigned notes that Westcott has not pled with any particularity any statements that occurred after the alleged failure to close, upon which he reasonably relied to his detriment. He pleads that Defendants informed him that they did not have the money and would need more time.

statements were knowingly false or made without exercising due care or competence, Westcott's allegations are merely conclusory allegations that the court need not credit. *See ICI Constr., Inc. v. Hufcor, Inc.*, No. H-22-CV-3347, 2023 WL 2392738, at *17-18 (S.D. Tex. Mar. 7, 2023). Accordingly, Westcott has failed to state claims against Defendants for fraud[5] and fraudulent inducement. *Jacked Up, L.L.C. v. Sara Lee Corporation*, 854 F.3d 797, 810 (5th Cir. 2017) (recognizing that while claims for fraud and fraudulent inducement are separate causes of action, they share the same basic elements, including (1) that the defendant made a material misrepresentation (2) that was false, and (3) that was either known to be false when made or was asserted without knowledge of its truth).[6]

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss, Dkt. 13, and **DISMISS** Westcott's claims **WITH PREJUDICE**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

---

[5] Westcott's negligent misrepresentation claim also fails on this same basis.
[6] Additionally, Westcott's fraud claim is barred by limitations. He acknowledged in his June 4, 2022, email that more than four years had passed since the failure to close and at that time he could have exercised due diligence to ascertain Defendants' financial situation.

findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 15, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE